FILED

2012 MAY 24  PM 3: 23

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

OLE K. NILSSEN and )
GEO FOUNDATION, LTD., )
  )
  Plaintiffs, )
  ) Civil Action No. 2:12cv296FtM99DNF
v. )
  ) JURY TRIAL DEMANDED
FEIT ELECTRIC COMPANY, )
INC., )
  )
  Defendant. )

## COMPLAINT
### (Injunctive Relief Sought)

Plaintiffs, Ole K. Nilssen ("Nilssen") and Geo Foundation, Ltd. ("Geo Foundation"), by their undersigned attorneys, file this complaint for patent infringement against Defendant, Feit Electric Company, Inc. ("FEIT" or "Defendant"), and allege as follows:

**A.  The Parties**

1.  Plaintiff Nilssen is a domiciliary of Bonita Springs, Florida, which is within this Division of the Middle District of Florida. Nilssen is the named inventor and owner of U.S. Patent Nos. 4,857,806 ("the '806 Patent"), 5,233,270 ("the '270 Patent"), 5,341,067 ("the '067 Patent"), and 5,757,140 ("the '140 Patent") (collectively, "the Patents-in-Suit" and attached hereto as Exhibits 1-4).

2.  Plaintiff Geo Foundation is a not-for-profit corporation incorporated in the Cayman Islands, British West Indies.

3. Geo Foundation is the exclusive licensee of the Patents-in-Suit, having the exclusive rights, *inter alia*, to enforce and sub-license the Patents-in-Suit.

4. Defendant FEIT is a California corporation with a business address at 4901 Gregg Road, Pico Rivera, California 90660.

5. FEIT sells self-ballasted, screw-in compact fluorescent lamps ("CFLs") throughout the United States, including this District, which infringe at least one claim of each of the patents-in-suit.

### B. Jurisdiction and Venue

6. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has personal jurisdiction over Defendant, which sells and has sold infringing products throughout the United States, including within the Middle District of Florida. Defendant has been, and is currently, in the business of selling CFLs that are the subject of this complaint in the Middle District of Florida. Defendant's acts of selling and offering for sale the infringing products within the Middle District of Florida demonstrate continual and systematic contacts by Defendant within the Middle District of Florida. Defendant's acts of selling and offering for sale the infringing products within the Middle District of Florida give rise to Plaintiffs' cause of action for patent infringement.

8. In addition, Defendant's acts of selling and offering for sale within the Middle District of Florida the infringing products that are the subject of this complaint

establish minimum contacts as such contacts were made for purposes of availing the Defendant of the privilege of doing business within the Middle District of Florida. Furthermore, exercising jurisdiction over Defendant in the Middle District of Florida is consistent with traditional notions of fair play and substantial justice.

9. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b).

### C. Infringement of the Patents-In-Suit

10. On August 15, 1989, the United States Patent and Trademark Office ("PTO") duly and legally issued the '806 Patent, entitled "Self-Ballasted Screw-In Fluorescent Lamp." On June 24, 2008, the PTO issued an *ex parte* reexamination certificate for the '806 Patent, confirming claims 1-14 and 17-19, and cancelling claims 15, 16, 20 and 21. Copies of the '806 Patent and its reexamination certificate are attached as Exhibit 1.

11. CFLs sold and/or offered for sale by FEIT infringe one or more claims of the '806 Patent.

12. On August 3, 1993, the USPTO duly and legally issued the '270 Patent, entitled "Self-Ballasted Screw-In Fluorescent Lamp." A copy of the '270 Patent is attached as Exhibit 2.

13. CFLs models sold and/or offered for sale by FEIT infringe one or more claims of the '270 Patent.

14. On August 23, 1994, the USPTO duly and legally issued the '067 Patent, entitled "Electronic Ballast with Trapezoidal Voltage Waveform." A copy of the '067 Patent is attached as Exhibit 3.

15. CFLs sold and/or offered for sale by FEIT infringe one or more claims of the '067 Patent.

16. On 5,757,140, the USPTO duly and legally issued the '140 Patent, entitled "Electronic Ballast with Frequency Control." A copy of the '140 Patent is attached as Exhibit 4.

17. CFLs sold and/or offered for sale by FEIT infringe one or more claims of the '140 Patent.

18. Plaintiffs bring this lawsuit to stop FEIT's unauthorized practice of the Patents-in-Suit.

### D. Collateral Estoppel Poses No Bar to Plaintiffs' Claims

19. In prior litigation, three of the four Patents-in-Suit were found unenforceable based on grounds of alleged inequitable-conduct by Nilssen. *See Nilssen v. Osram Sylvania, Inc.*, 440 F. Supp. 2d 884, 910-11 (N.D. Ill. 2006), *aff'd* 504 F.3d 1223 (Fed. Cir. 2007) and *Nilssen v. Wal-Mart Stores, Inc.*, No. 04-cv-5363 (N.D. Ill. March 17, 2008) (collectively, the "prior litigation"). Patents previously found unenforceable include the '806, '270, and '067 Patents (collectively, the "Pre-Litigated Patents"). No Court has found the '140 Patent to be unenforceable (sometimes referred to as the "Non-Litigated Patent").

20. Because of intervening changes in fact and/or law, the prior findings of unenforceability with respect to the Pre-Litigated Patents are not conclusive in this case. *See, e.g., Commissioner of Internal Revenue v. Sunnen*, 333 U.S. 591, 599-600 (1948)

(collateral estoppel can apply only where the "controlling facts and applicable legal rules remain unchanged" between two proceedings).

21. In particular, the inequitable-conduct findings in the prior litigation are obsolete under current law enunciated by the Federal Circuit's *en banc* decision in *Therasense, Inc. v. Becton, Dickinson and Co.*, 649 F.3d 1276, (Fed. Cir. 2011) (*en banc*).

### Count I – Patent Infringement

22. Plaintiffs re-allege paragraphs 1-21 as if fully incorporated herein.

23. Nilssen is the owner of all rights, title and interest in the Patents-in-Suit, including the right to bring this suit for injunctive relief and damages.

24. At all relevant times, Geo has held the exclusive right to enforce the Patents-in-Suit.

25. Defendant is infringing each of the Patents-in-Suit in this District and elsewhere in the United States, by using, offering for sale and/or selling, without authority, CFLs covered by one or more claims of the Patents-in-Suit (the "Accused Infringing Products").

26. On information and belief, in the Middle District of Florida and elsewhere in the United States, purchasers of Accused Infringing Products sold by Defendant have used in the past, and continue to use, Accused Infringing Products in combination with other components, including power sources, thereby infringing each of the Patents-in-Suit.

27. On information and belief, each Accused Infringing Product sold by Defendant was designed to be used in connection with a power source.

28. Defendant has in the past offered for sale and sold, and continues to offer for sale and sell, Accused Infringing Products that constitute a material component of each Patent-in-Suit and which have no substantial use other than as an infringement of the Patents-in-Suit.

29. On information and belief, Defendant knew and intended that purchasers of Accused Infringing Products would use Accused Infringing Products in combination with other components, including power sources, so as to infringe each of the Patents-in-Suit.

30. On information and belief, Defendant has actively induced purchasers of Accused Infringing Products to use Accused Infringing Products in combination with other components, including power sources, so as to infringe each of the Patents-in-Suit.

31. On information and belief, Defendant's offers to sell and sales of the Accused Infringing Products constitute willful infringement of the Patents-in-Suit.

32. As a result of Defendant's infringement of the Patents-in-Suit, Plaintiffs have suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in favor of Plaintiffs and against Defendant FEIT, and:

(a) award Plaintiffs all damages adequate to compensate them for Defendant's infringement of the Patents-in-Suit, including without limitation damages and prejudgment interest under 35 U.S.C. §284;

(b) enjoin Defendant from selling the Accused Infringing Products;

(c) enjoin Defendant from contributorily infringing and inducing the infringement of the inventions claimed in the Patents-in-Suit;

(d) increase Plaintiffs' actual damages under 35 U.S.C. §284 and award Plaintiffs' reasonable attorneys fees under 35 U.S.C. §285; and

(e) award Plaintiffs any and all such other relief as the Court deems just and proper.

Dated: May 24, 2012

Respectfully submitted,

_____

Michael J. Corso
Florida Bar Number: 0228729
John M. Miller
Florida Bar Number: 0061488
Henderson, Franklin, Starnes & Holt, P.A.
1715 Monroe Street
P.O. Box 280
Fort Myers, FL 33902
Tel. (239) 344-1100
(Local Counsel)

James D. Ryndak
Eric H. Weimers
Mark K. Suri
RYNDAK & SURI LLP
200 West Madison Street, Suite 2100
Chicago, IL 60606
Tel. (312) 214-7770

**Attorneys for Plaintiffs
Ole K. Nilssen and
Geo Foundation, Ltd.**